IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANE DOE, et al.          :
                          :
    v.                    :  CIVIL NO. L-98-121
                          :
BLUE CROSS BLUE SHIELD    :
OF MARYLAND               :

MEMORANDUM AND ORDER

Before the Court is the Motion to Modify Confidentiality Order filed by Intervenors American Medical Association ("AMA") and Maryland State Medical Society ("MedChi"), and an accompanying Motion for a Hearing. Because the parties have thoroughly briefed the issues, the Court will dispense with a hearing. See Local Rule 105.6 (D. Md. 1999). For the reasons discussed below, the Court will DENY the Motion to Modify.

This case concerns the defendants' alleged refusal to pay for the plaintiffs' mental health treatment. Early in this case, in September 1998, the defendant, "Maryland Blue," and the plaintiffs stipulated to a protective order. The order prohibits the parties from disclosing information that has been designated "confidential, proprietary and/or sensitive." The

parties have since undertaken extensive discovery, which continues to this date.

AMA and MedChi have intervened in the suit and moved to modify the protective order. They seek to limit the scope of the order to cover only information pertaining to the identity and medical records of the plaintiffs, thus disclosing to the public many of Maryland Blue's documents. AMA and MedChi argue that there is a strong public interest in the public disclosure of Maryland Blue's records. This interest arises because of the ongoing national debate concerning the provision of health insurance benefits and the regulation of health insurance companies. AMA and MedChi claim that the public at large, the people of Maryland in particular, and state regulators all have an interest in knowing whether a large insurer like Maryland Blue is complying with its legal obligations.

In general, the public has a right to access judicial documents, even those filed under seal. This right must be balanced against countervailing considerations supporting confidentiality. See In re NASDAQ Market-Makers Antitrust Litigation, 164 F.R.D. 346, 352 (S.D.N.Y. 1996).

In this case, however, the vast majority of documents covered by the confidentiality order and sought by AMA and

MedChi are not judicial documents at all. Only a few documents in this case have been filed under seal with the Court. The rest, which according to the defendants total over 20,000 pages, have been produced to the plaintiffs, but have not been filed with the Court. Most of the papers are therefore the "raw fruits of discovery," to which the common law right of public access does not attach. Rushford v. The New Yorker Magazine, 846 F.2d 249, 252 (4th Cir. 1988) (citing In re "Agent Orange" Product Liability Litigation, 98 F.R.D 539, 544 (E.D.N.Y. 1983)). See also Cumberland Packing Corp. v. Monsanto Co., 184 F.R.D. 504, 505 (E.D.N.Y. 1999) ("[M]aterials exchanged during discovery are given no presumption of access.").

Furthermore, a confidentiality order that limits the disclosure of the products of pretrial discovery does not offend the First Amendment. See Seattle Times v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199 (1984). AMA and MedChi have therefore neither a common law nor a constitutional basis for seeking wholesale modification of the protective order.[1]

---

[1] Although the Fourth Circuit has not spoken definitively on what constitutes a "judicial document" for these purposes, the implication in Rushford and the consensus among other Courts of Appeal is that the documents must in some way have been filed

Even if there is any right to public access to the documents produced in discovery, the Court finds that this right is heavily outweighed by other considerations. A protective order in a case such as this greatly facilitates discovery. Without it, the judge can become a "vertitable hostage,... consign[ed] to years of adjudication of the confidentiality of individual documents." NASDAQ, 164 F.R.D. at 355.

The defendants have also raised the possibility of the disclosure of trade secrets if the documents were available for public review. AMA and MedChi respond that many of the documents must certainly not contain confidential information and should therefore be shared. The Court finds that it would entail far too much time and expense of all parties and of the Court to determine which documents in fact constitute trade secrets, particularly given the weak presumption of access to

---

with the court. See, e.g, United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 782 (3d Cir. 1994); Anderson v. Cryovac Inc., 805 F.2d 1, 13 (1st Cir. 1986).

4

these documents.  AMA and MedChi's motion must therefore be denied.[2]

## Summary

The Motion for Modification of Confidentiality Order and Motion for a Hearing filed by AMA and MedChi (Dockets. nos. 75 and 76) are DENIED.

IT IS SO ORDERED this 13TH day of July, 2000.

_____
Benson Everett Legg
United States District Judge

---

[2] Any party, or the public at large, may of course seek access to documents filed with the Court.  Such a motion would identify with specificity what documents were at issue.  AMA and MedChi, however, have instead sought wholesale access to all documents produced in discovery.

5