UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2001 AUG 14  A 11:08

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

August 14, 2001

MEMORANDUM TO COUNSEL RE:    John Doe, et al. v.
                             Blue Cross Blue Shield
                             Civil #L-98-121

Dear Counsel:

I thank Ms. Farrell and Mr. Annand for their letter of August 9th. I do not need any additional briefing on Judge Moreno's ruling, but I look forward to counsel's remarks at the oral argument, which is scheduled for September 14th at 10 a.m.

Very truly yours,

Benson Everett Legg

c:    Court file



## COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.

HERBERT E. MILSTEIN
MICHAEL D. HAUSFELD
STEVEN J. TOLL
ANN C. YAHNER
LISA M. MEZZETTI
ANDREW N. FRIEDMAN
RICHARD S. LEWIS
DANIEL S. SOMMERS
DANIEL A. SMALL
GARY E. MASON
JOSEPH M. SELLERS
SHARON A. SNYDER
MARK S. WILLIS
STEPHEN D. ANNAND**
MARC I. MACHIZ
PAUL T. GALLAGHER
MURRAY T.S. LEWIS*
LINDA P. NUSSBAUM***

MARGARET G. FARRELL
MARLENE F. GIBBONS
CHERYL H. MACKELL
   OF COUNSEL

JERRY S. COHEN (1925-1995)

1100 NEW YORK AVENUE, N.W.
WEST TOWER, SUITE 500
WASHINGTON, D. C. 20005-3964
(202) 408-4600
FACSIMILE (202) 408-4699

999 THIRD AVENUE
SUITE 3600
SEATTLE, WA 98104
(206) 521-0080
FACSIMILE (206) 521-0166
www.cmht.com

825 THIRD AVENUE
THIRTIETH FLOOR
NEW YORK, NY 10022-7519
(212) 838-7797
FACSIMILE (212) 838-7745

CHRISTINE E. WEBBER
ALEXANDER E. BARNETT
MATTHEW J. IDE*
MATTHEW F. PAWA
SUZETTE M. MALVEAUX
MARY N. STRIMEL
AGNIESZKA M. FRYSZMAN
DEBORAH J. VAGINS
CHARLES E. TOMPKINS
DONNA SOLEN
TAMARA J. DRISCOLL*
ELIZABETH H. CRONISE
JULIE GOLDSMITH*
LESLI C. ESPOSITO
JESSICA M. GLICK
VICTORIA S. NUGENT
JOSHUA S. DEVORE**

*ADMITTED ONLY IN WA
**ADMITTED ONLY IN VA
***ADMITTED ONLY IN NY

SENDER'S DIRECT DIAL

August 9, 2001

Honorable Benson Everett Legg
United States District Court
  for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re: *John Doe, et al. v. Blue Cross Blue Shield of Maryland* Case No. BL-98-121

Dear Judge Legg:

On June 21, 2001, defendant's counsel, Ward Coe, alerted the Court to a recent ruling in the multi-district, managed care, class action litigation pending in the United States District Court for the Southern District of Florida. Order of Partial Dismissal Without Prejudice, MDL *In Re Managed Care Litigation*, MDL No. 1334 (S.D. Fla. 2001) (Moreno, J.). Mr. Coe submitted the decision as additional authority in support of defendants' motion to dismiss counts I, II and III of plaintiffs' second amended complaint in *Doe v. Blue Cross*.

Honorable Benson Everett Legg
August 9, 2001
Page 2

Plaintiffs join defendant in recognizing this important new authority involving the ERISA claims made in this action and would be pleased to submit supplemental briefing of the issues implicated by Judge Moreno's Order. We are aware that the Court is scheduling a hearing on defendant's motion to dismiss on September 14, 2001 at 10:00 a.m. and we will be available at that time. Supplemental briefing could be submitted by a designated date prior to that hearing if the Court so desires. Alternatively, the hearing date might be postponed to permit more time to brief those issues.

Meanwhile, plaintiffs take this opportunity to respond to Mr. Coe's letter. We disagree in several important respects with Mr. Coe's protrayal Judge Moreno's opinion. Essentially, defendant would have this Court believe that Judge Moreno dismissed plaintiffs' ERISA claims as fatally flawed. Quite the contrary is true.

In his June 12th opinion, Judge Moreno upheld all of the elements of two of plaintiffs' three ERISA causes of action. Those claims were then dismissed only because the Court found that plaintiffs had failed to allege the absence or futility of administrative remedies - which it granted plaintiffs leave to re-plead. Despite that omission, Judge Moreno addressed the merits of plaintiffs' claims.

The MDL plaintiffs alleged first, that the HMOs had violated their duty as plan administrators under section 102(a) of ERISA, *i.e.* the duty to disclose certain information in summary plan descriptions (SPDs) provided to participants. Second, the plaintiffs alleged that the HMOs breached their fiduciary duty under section 404 of ERISA not to misrepresent important features of their plans. Judge Moreno ruled that both claims stated a cause of action under ERISA.

At the outset, the MDL court noted that the Supreme Court's recent decision in *Peagram v.*

Honorable Benson Everett Legg
August 9, 2001
Page 3

*Herdrich* cannot be read to preclude suits like those brought against the HMOs in Florida or, by implication, like this suit brought against Blue Cross. Judge Moreno recognized that the Peagram case does not provide an "all encompassing cloak of immunity for the health care industry" and stated that "[T]he deception concerning cost containment practices, rather than those practices themselves, is at issue in this lawsuit. Therefore, the Court concludes that Congress did not intend to immunize the wrongdoing of which the Defendant are accused."

Disclosure. In its first major ERISA holding, the MDL court recognized the validity of plaintiffs' disclosure claims. Plaintiffs in the MDL suits claimed, as do plaintiffs here, that when, in fact, defendant HMOs exercise discretion as plan administrators, they are obligated under section 102(a) of ERISA to disclose certain information in summary plan descriptions (SPDs) to participants. Judge Moreno agreed that, to the extent defendants are proved to have discretion to administer plans, they are "*de facto*" plan administrators and are subject to the SPD disclosure requirements set out in the Act. Although the Court found that section 102(a) does not require the disclosure of cost containment practices, such as cost-based criteria, Judge Moreno held that it does require disclosure of the source of financing the plans and the identity of any organizations through which benefits are provided -- such as Green Spring in this case.

Most importantly, the Court also found that the SPD disclosure obligations incumbent upon a *de facto* plan administrator include the obligation to *accurately describe* the medical necessity definition to be applied during the claims review process. Because there is a factual dispute regarding the accuracy of the description, the Court found that the claim could not be resolved on a motion to

Honorable Benson Everett Legg
August 9, 2001
Page 4

dismiss.

   Misrepresentation. In its second major holding, the MDL Court found that, although HMO fiduciaries have no affirmative obligation under ERISA to disclose material information absent a specific inquiry from a beneficiary, plaintiffs stated a claim for breach of fiduciary duty under section 404 of ERISA by alleging that defendant HMOs made affirmative misrepresentations of plan benefits.  Thus, Judge Moreno held that if the definition of medical necessity contained in policies is not the one actually used to review claims, fiduciaries are making affirmative misrepresentations to participants — actionable under sections 404 and 502 of ERISA -- when they represent in benefit handbooks and certificates of coverage that it is.

   Because the MDL plaintiffs sought an injunction to remedy past wrongs and prevent future violations, a remedy that is sufficient to maintain the ERISA claims, the court chose not to reach the issues pertaining to plaintiffs' request for other equitable relief.

   Having found that the MDL plaintiffs adequately pled two causes of action for violations of ERISA, the Court dismissed the claims without prejudice because the plaintiffs had failed to allege that they had exhausted administrative remedies or that administrative remedies were inadequate or futile. Judge Moreno expressly granted plaintiffs permission to amend their complaints and allege compliance with exhaustion requirements, which plaintiffs have done in the MDL.

   The causes of action alleged by the MDL plaintiffs and the claims made by plaintiffs in this case are much the same. Further, Judge Moreno's determination upholding plaintiffs' claims under ERISA sets the stage for major litigation involving seven nationwide HMOs.  Issues that are also before this

Honorable Benson Everett Legg
August 9, 2001
Page 5

Court will continue to be addressed in the MDL. Therefore, plaintiffs urge the Court to consider carefully the application of Judge Moreno's decision to the claims made by plaintiffs here. Plaintiffs want Your Honor to know that they are prepared to fully brief the Court on JudgeMoreno's decision and its implications for this case and to present their views on it at oral argument on the defendant's motion to dismiss on September 14, 2001.

Respectfully submitted,

*Margaret G. Farrell*
Margaret G. Farrell, Esq.
Stephen D. Annand, Esq.