UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

September 20, 2001

MEMORANDUM TO COUNSEL RE:    John Doe, et al. v. Blue Cross Blue Shield of Maryland, Inc.
Civil #L-98-121

Dear Counsel:

There are several factual issues that I wish to clarify. Accordingly, I will hold a telephone conference on **Tuesday, September 25 at 3:00 p.m.** The conference will not last for more than an hour. One of Counsel is requested to place the telephone call. Counsel will be asked to respond to my questions orally. I do not wish to receive additional briefs. The conference will be recorded electronically, so please do not use a speaker phone.

My questions for Counsel are as follows:

1) Do plaintiffs bringing claims for denial of coverage-benefits under Section 502(a)(1)(B) receive attorneys fees if their claims are successful?

2) What "coverage criteria" did Blue Cross file with the Maryland Insurance Commissioner?

3) Who is eligible to file a complaint with the Maryland Insurance Commissioner alleging that the criteria applied by Blue Cross was not the criteria advertised to plaintiffs? How would the Maryland Insurance Commissioner go about deciding such a claim and what remedies is the Commissioner capable of granting?

4) I assume that Blue Cross is compensated for its services by collecting premiums and Green Spring is directly compensated by Blue Cross. Is this correct?

5) Is it true that employers negotiate premiums based in part on the claims experience of past years?

6) Please describe the types of evidence that Plaintiffs would offer to prove that Blue Cross used a different, more restrictive criteria than the one disclosed to Plaintiffs. Would Plaintiffs be required to demonstrate specific cases in which a patient was denied coverage when he would have received coverage had the announced medical necessity criteria been applied.

7) In their Complaint, Plaintiffs contend that Blue Cross secretly amended the medical necessity criteria by adding words such as "efficient" and "cost effective." Do Plaintiffs have any allegations that are more specific?

8) Judge Moreno granted standing under the theory that the alleged injury was more akin to fraudulent inducement than breach of contract. In Daily Variety, LTD. v.



<u>Term Leasing, Inc.</u>, 1989 WL 58029, *4 (S.D.N.Y. 1989), the Court held that an action for fraudulent inducement to contract does not arise until the promisor breaches his or her promise. Is this the rule in Maryland and the Fourth Circuit?

10) Did Plaintiffs' employers negotiate the terms of their insurance policies? If so, what reliance do Plaintiffs allege?

Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

Benson Everett Legg

c: Court File